**Hamid SAFARI, M.D. and Mark Fahlen, M.D., Plaintiffs–Appellants,**

v.

**KAISER FOUNDATION HEALTH PLAN; et al., Defendants–Appellees.**

**No. 12–16245.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 12, 2014.*

Filed Sept. 30, 2014.

Stephen David Schear, Oakland, CA, Eric Martin Weaver, Law Offices of Eric M. Weaver, Albany, CA, for Plaintiffs–Appellants.

Tambry Bradford, Robert Michel Dawson, Dayna Charrise Nicholson, Esquire, Fulbright & Jaworski, LLP, Los Angeles, CA, for Defendants–Appellees.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: BEA, IKUTA, and HURWITZ, Circuit Judges.

### MEMORANDUM **

Plaintiffs appeal the district court's decision granting defendants' motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiffs bring an as-applied challenge and a facial challenge under 42 U.S.C. § 1983 to the peer-review process that a California health care provider must conduct before revoking a doctor's privileges to practice medicine at the provider's facilities. Plaintiffs claim the peer-review process violates the Due Process Clause of the Fourteenth Amendment.

Both the plaintiffs' as-applied and facial challenges are foreclosed by *Pinhas v. Summit Health, Ltd.*, 894 F.2d 1024 (9th Cir.1989). First, the peer-review process has not changed materially since *Pinhas* because California Business & Professions Code § 809, *et seq.* merely codified the common law that existed when *Pinhas* was decided. *See El-Attar v. Hollywood Presbyterian Med. Ctr.*, 56 Cal.4th 976, 157 Cal.Rptr.3d 533, 301 P.3d 1146, 1151 (2013) ("[T]he peer review statute, like the common law fair procedure doctrine that preceded it, establishes minimum protections for physicians subject to adverse action in the peer review system." (internal quotations omitted)). *Pinhas's* holding is therefore still valid. As a result, defendants were not state actors when they conducted peer review and revoked plaintiffs' privileges to practice medicine at defendants' facilities. *See Pinhas*, 894 F.2d at 1034.

Second, as *Pinhas* remains valid, plaintiffs incorrectly named defendants, who are private parties, in a facial challenge to the peer-review statutes. *Id.* at 1034–35.

AFFIRMED.

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

